# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID WAYNE SCUTURO,**

            **Plaintiff,**

**-vs-**                                       **Case No.  6:11-cv-498-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

            **Defendant.**

_____

# MEMORANDUM OF DECISION

David Wayne Scuturo (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying Claimant's claim for benefits. *See* Doc. No. 1.  Claimant argues that the final decision of the Commissioner should be reversed for an award of benefits or remanded for further proceedings because: 1) the Appeals Council failed to properly evaluate the report and opinion of Dr. Robert A. Tango, Ph.D., a Certified Vocational Expert, and Dr. Sachin R. Shenoy, M.D.'s Ataxia diagnosis;[1] and 2) the ALJ's credibility determination is not supported by substantial evidence. Doc. No. 27 at 7-14. For the reasons more fully discussed below, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings because the Appeals Council failed to demonstrate that it properly evaluated Dr. Tango's report and opinion, as well as Dr. Shenoy's Ataxia diagnosis. *See Flowers v. Commissioner of Social Security*, 441 Fed.Appx. 735, 745-47

---

[1] Ataxia is "[a]n inability to coordinate muscle activity during voluntary movement, so that smooth movements occur.  Most often due to disorders of the cerebellum or the posterior columns of the spinal cord; may involve the limbs, head, or trunk."  *Stedman's Medical Dictionary*, 26th Ed. p. 161 (1995).

(11th Cir. 2011) (unpublished) (reversing and remanding because the Appeals Council failed to demonstrate that it had properly evaluated the new and material evidence submitted by the claimant) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)).[2]

I.     **BACKGROUND.**

On November 4, 2008, Claimant applied for disability benefits alleging an onset of disability as of July 25, 2008, due to lower back and neck pain, and tremors in his arms and hands.  R. 100, 107, 138-45, 169.  Claimant later amended his onset of disability date to January 1, 2009. R. 40.  Claimant's application was denied initially and upon reconsideration based on the residual functional capacity assessments ("RFC") of two non-examining state agency consultants, Drs. Maureen M. Jeannette and Sunita Patel.  R. 93-104, 107-113, 249-56, 272-79.[3] On March 1, 2010, after a hearing, the Administrative Law Judge (the "ALJ") determined that Claimant is not disabled. R. 26-32.  As will be discussed in greater detail below, in reaching her decision, the ALJ determined that Claimant's subjective complaints were not credible and the ALJ specifically gave "great weight" only to the non-examining opinion of Dr. Patel.  R. 30-31.

After the ALJ's decision, the Claimant sought review from the Appeals Council, where Claimant submitted additional evidence consisting of: 1) a January 29, 2010, "Report of Employability Options" prepared by Dr. Robert A. Tango, Ph.D., a certified vocational expert (R. 320-26); 2) a March 26, 2009, treatment note from one of Claimant's treating neurologists, Dr. Richard P. Newman (R. 339-42); and 3) fourteen (14) progress notes from April 6, 2009

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

[3] Dr. Jeannette's opinion is dated January 9, 2009, and Dr. Patel's opinion is dated on February 24, 2009.  R. 256, 279.

through October 28, 2010, from Claimant's other treating neurologist, Dr. Sachin R. Shenoy.  R.

344-61, 375-88.[4]  On March 15, 2011, the Appeals Council denied Claimant's request for review

after considering the additional evidence and issuing a written decision that it did not provide a

basis for changing the ALJ's decision.  R. 2.[5]  Claimant appealed the Commissioner's final

decision to the District Court.  Doc. No. 1.

## II.    THE ALJ's MEDICAL RECORD.

The dispositive issue in this case is whether the Appeals Council erred by failing to

demonstrate that it adequately evaluated the new evidence and whether that evidence provides a

reasonable possibility of changing the administrative outcome.  Therefore, the Court will tailor

the medical and administrative history to that issue.

The medical record before the ALJ consisted of: 1) a September 18, 2008 x-ray, showing

advanced degenerative disc disease at the L5-S1, scoliosis and a spur encroaching on the C5-C6

and C-7 intervertebral foramina (R. 228); 2) a December 23, 2008 consultative examination by

Dr. Alvan Barber, M.D., who opined that Claimant can walk, stand, and sit for reasonable

periods of time, can push and pull with upper extremities, and can use upper body movements

and coordinated activities with his hands (R. 230-34);[6] 3) five treatment records and progress

notes from Dr. Shenoy dated October 2, 2008 through January 5, 2009 (R. 239-47), which will

---

[4] At the time of the ALJ's decision, the ALJ had three treatment records to consider from Dr. Shenoy, only one of which is dated after Claimant's alleged onset date - January 1, 2009.  *See* R. 30.

[5] As set forth in greater detail below, the Appeals Council's decision offers specific reasons why the additional evidence does not provide a basis to change the ALJ's decision.  R. 2.  While the Court ultimately concludes that the reasons offered by the Appeals Council fail to show that it adequately evaluated the additional evidence, the Court acknowledges and appreciates the Appeals Council's effort to provide the Court with detailed reasons for denying review instead of offering only conclusory statements.

[6] Dr. Barber's December 23, 2008 consultative examination opinion was offered before Plaintiff's alleged onset of disability – January 1, 2009.

be described in more detail below; and 4) the non-examining residual functional capacity assessments ("RFC") of Drs. Jeannette and Patel (R. 249-56, 272-79).

    A.  Dr. Shenoy - October 2, 2008 through January 5, 2009.

On October 2, 2008, Claimant presented to Dr. Shenoy complaining of moderate to severe back pain and tremors in his arms and legs. R. 239-40. Physical examination was largely normal, but Dr. Shenoy's impressions were radiculopathy and tremors. R. 240. Dr. Shenoy prescribed a two-week supply of Lortab for pain and Klonopin for tremors. R. 240. On October 15, 2008, Dr. Shenoy reviewed a magnetic resonance imaging ("MRI") report, which showed a small herniated disc at L5-S1 with significant degenerative changes, but no evidence of radiculopathy or myelopathy. R. 241. Claimant reported good results with Klonopin. R. 241. Dr. Shenoy also prescribed epidural injections for Claimant's back pain. R. 241. On November 6, 2008, Claimant reported no tremors. R. 242. On December 4, 2008, Claimant reported no relief from the epidural injections, but physical examination was largely normal. R. 244. On January 5, 2009, Claimant reported hip, back, and joint pain, but no tremors. R. 246. Dr. Shenoy diagnosed radiculopathy and continued Claimant on Lortab. R. 247.

    B.  Dr. Patel.

On February 24, 2009, Dr. Patel provided an RFC based upon a records review. R. 272-79. Dr. Patel opined that Claimant carries the diagnoses of lumbar and cervical degenerative joint and disc disease and radiculopathy. R. 272. Dr. Patel stated that Claimant can: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; and push or pull without limitation. R. 273. Dr. Patel opined that Claimant can occasionally stoop and crouch, but has no other physical

limitations.   R. 274-76.  Dr. Patel based his opinions on Dr. Shenoy's treatment records from October 2008 through January 2009, and Dr. Barber's consultative examination.  R. 279.

## II.  **ADMINISTRATIVE PROCEEDINGS.**

### A.  **Before the ALJ.**

On January 8, 2010, a hearing was held before the ALJ.   R. 36-60.   Claimant and vocational expert (the "VE") Robert Bradley were the only persons to testify.   R. 36-60. Claimant testified that he suffers from moderate to severe lower back and neck pain, his hip and his left leg "go out" from time to time, and tremors in his hands.  R. 42, 51.  Claimant testified that he lost his last job due to tremors.  R. 52.  Claimant stated he receives treatment from Dr. Shenoy once a month.  R. 44.  The ALJ asked the vocational expert whether an individual who retains the RFC offered by Dr. Patel could perform any of Claimant's past relevant work, and the VE testified that such an individual could perform Claimant's past relevant work as a retail store clerk.  R. 56.

On March 1, 2010, the ALJ issued a decision finding that Claimant is not disabled.  R. 26-32.  The ALJ made the following significant findings:

1.  The [C]laimant has not engaged in substantial gainful activity since January 1, 2009, the amended onset date;

2.  The [C]laimant has the following severe impairments: degenerative disk disease, herniated nucleus pulpous at L5-S1, left L5-S1 radiculopathy and tremors;

3.  The [C]laimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

4.  [T]he [C]laimant has the [RFC] to perform a reduced range of light work. . . .  The [C]laimant is able to lift and or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, sit 6 hours total in an 8-hour workday, occasionally stoop and crouch, and

frequently finger with fine manipulation of hands and fingers bilaterally;

5. The [C]laimant is capable of performing past relevant work as a retail store clerk. This work does not require the performance of work related activities precluded by the [C]laimant's [RFC]; and

6. The [C]laimant has not been under a disability, as defined in the Social Security Act, from July 25, 2008 through the date of this decision.[7]

R. 28-32. In determining the Claimant's RFC, the ALJ thoroughly reviewed the medical record available at that time, including Dr. Shenoy's treatment records through January 5, 2009. R. 30-31. The ALJ also noted that Dr. Barber's December 2008 consultative examination showed "no mention of any signs or subjective complaints of tremors." R. 31.

As for the opinion evidence, the ALJ stated:

> Dr. Barber stated in his report that the [C]laimant was able to walk, stand, and sit for reasonable periods of time. In addition, he stated that the [C]laimant could push and pull with his upper extremities and could use his upper body movements and coordinated activities with his hands. The undersigned gives <u>great weight to Dr. Patel's opinion because it is supported by medical signs and findings and it is consistent with other medical evidence of record</u>.

> Dr. Sunita Patel, M.D., a State agency medical consultant, submitted a [RFC] in which he opined the [C]laimant was able to lift and or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours total in an 8-hour workday, sit 6 hours total in an 8-hour workday, and occasionally stoop and crouch. The undersigned gives <u>great weight to Dr. Patel's opinion because it is supported by medical signs and findings and it is consistent with other medical evidence of record</u>.

R. 31 (emphasis added). Thus, the ALJ gave great to the opinion of Dr. Patel.[8]

---

[7] As set forth above, Claimant amended his onset of disability date from July 25, 2008 to January 1, 2009. *See* R. 40.

[8] Although not dispositive of the case, it appears that the ALJ may have meant to give great weight to the opinion of Dr. Barber as well because the first paragraph quoted above primarily deals with Dr. Barber's opinion.

**B. Appeals Council.**

At the Appeals Council, Claimant submitted additional evidence consisting of the report and opinion of Dr. Tango, fourteen (14) additional treatment records from Dr. Shenoy, and a single treatment note from Dr. Newman.  R. 320-26, 339-42, 344-61, 375-88.

1. Dr. Tango – February 13, 2010.

On January 29, 2010, Claimant presented to Dr. Robert A. Tango, a certified vocational expert, for vocation related evaluation and testing.  R. 320-26.  On February 13, 2010, Dr. Tango opined that "[m]edical restoration appears a PRE-Requisite for any placement.  Without removal of the physical limitations and in the light of his history of significant learning disability, he seems to be a good candidate for [disability benefits]."  R. 326.  Dr. Tango stated Claimant can perform the following work contingent upon medical restoration: booth cashier; cleaner of vehicles and equipment; local delivery courier; packer and packagers, hand; ticket takers parking lot attendants; service station attendants; and inspectors, testers, sorters, samplers, and weighers. R. 326.  Thus, Dr. Tango opined that Claimant cannot perform the above stated work unless he first obtains medical restoration.  R. 326.

2. Dr. Shenoy - April 6, 2009 through October 28, 2010.

Claimant presented to Dr. Shenoy for treatment on a nearly monthly basis from April 6, 2009 through October 28, 2010.  R. 344-61, 375-88.  In May and June of 2009, Claimant reported having more difficulty with balancing and complained of experiencing tremors.  R. 354, 358.  On June 3, 2009, Dr. Shenoy diagnosed Claimant with Ataxia, which is an inability to coordinate muscle activity with voluntary movement.  R. 355.  *See also* n. 1.  Dr. Shenoy ordered a brain MRI, the result of which was normal.  R. 352.  On July 2, 2009, Dr. Shenoy stated that

there was no "obvious cause for his tremors or ataxia," but he maintained the ataxia diagnosis and added Percocet to Claimant's medication regimen.  R. 352-53.  From July 2009 through October 28, 2010, Dr. Shenoy maintained Claimant's diagnosis of Ataxia and added Soma to Claimant's medications.  R. 344-52, 375-90.

3.  Dr. Newman – March 26, 2009.

On March 29, 2009, Claimant presented to Dr. Richard P. Newman, neurologist for consultation regarding his back pain and tremors.  R. 339-42.  Claimant stated that his tremors only present upon exertion and not at rest.  R. 339.  Dr. Newman's impressions were a "benign essential tremor," but no weakness.  R. 342.  Dr. Newman recommended exercise for Claimant's back pain.  R. 342.  There are no other treatment records from Dr. Newman.

In its March 15, 2011, order denying review, the Appeals Council stated:

> The updated treatment records were cumulative and did not document a significant change or deterioration in the [C]laimant's condition.  They preclude a negative credibility inference based on lack of treatment but the record still supports an inference that the [C]laimant is not entirely credible.  He applied for and drew unemployment after he left his last job.  He has engaged in activities that are generally compatible with and supportive of the [RFC] (including non-essential travel by plane and light housework).  His treatment has been routine and conservative.  His examinations (including an examination on October 28, 2010) have been fairly benign and have shown normal strength.  On October 28, 2010, he said that his medications were working and did not need to be changed; he had no swelling of his hands, ankles, or fee; he had no dizziness, lightheadedness, numbness, tingling sensation, paralysis, or tremors; he complained of back pain but had no other muscle pain, muscle cramps, joint stiffness, or hip/knee pain; and his strength and sensation were normal.  The "Report of Employability Options" generally credited the [C]laimant's assertions but still suggested a number of alternative job placements and even it [sic] the analysis moved to the fifth step of the evaluation process, the medical vocational rules would

-8-

> suggest a denial based on the [C]laimant's ability to perform the
> jobs that were identified in this report.
>
> Having considered the entire record, including the updated records,
> we have found that there is not a basis for changing the [ALJ's]
> decision that the [C]laimant is not disabled.

R. 2 (emphasis added). Thus, as for Dr. Tango's opinion, the Appeals Council stated that it

suggested a number of alternative jobs Claimant could perform and, therefore, it supported the

ALJ's decision that Claimant is not disabled.

## III.   THE ISSUE.

As mentioned above, the dispositive issue in this case is whether the Appeals Council

erred by failing to demonstrate that it adequately evaluated the new and material evidence.

Claimant maintains that the Appeals Council did not demonstrate that it adequately reviewed Dr.

Tango's report and opinion because the Appeals Council misstated the opinion by characterizing

it as finding Claimant could perform other work which exists in the national economy. Doc. No.

27 at 7-8. Claimant maintains that Dr. Tango's opinion was specifically contingent upon

Claimant first obtaining medical restoration before he could perform any of the jobs listed in the

report. *Id*. The Claimant also argues that Appeals Council statement that the new evidence was

cumulative and did not demonstrate a deterioration of Claimant's condition ignores Dr. Shenoy's

Ataxia diagnosis, which supports Claimant subjective statements and is a significant change in

the medical record that existed before the ALJ. Doc. No. 27 at 11.

The Commissioner does not dispute that evidence submitted by Claimant to the Appeals

Council is new and material evidence. Doc. No. 30. The Commissioner maintains that the

Appeals Council "properly determined that Dr. Tango's report revealed that Plaintiff could

perform other work." Doc. No. 30 at 16 n. 3. The Commissioner then states that the Appeals

-9-

Council properly decided not to credit Dr. Tango's opinion that Claimant's ability to perform other work is contingent upon first obtaining medical restoration. *Id.* ("[Claimant] contends this finding did not properly consider Dr. Tango's belief that medical restoration and removal of [Claimant's] physical limitations and alleged learning disabilities were needed to place [Claimant in positions as a ticket taker [sic] parking lot attendant. . . . [T]he Appeals Council properly decided not credit this part of Dr. Tango's opinion.").  As for Dr. Shenoy's Ataxia diagnosis, the Commissioner contends that the "Appeals Council properly evaluated this symptom by considering the clinical findings, the doctors' opinions of record, and [Claimant's] daily activities and found that that evidence did not suggest [Claimant] was more limited than found by the ALJ and did not warrant changing the ALJ's decision."  Doc. No. 30 at 13-14. Thus, the Commissioner argues that the Appeals Council demonstrated that it properly evaluated the new and material evidence.

## IV.   LEGAL STANDARDS.

### A.   THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled

-10-

> without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B.   THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th

Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

### C.     REMEDIES.

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause.  42 U.S.C. § 405(g)(Sentence Four).  To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence.  *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord, Bowen v. Heckler*, 748 F.2d 629, 631,

636-37 (11th Cir. 1984). A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[9]

## V.     ANALYSIS.

Claimant contends that the Appeals Council erred by failing to demonstrate that it adequately evaluated the new evidence and by not remanding the case to the ALJ to consider it. Claimants may generally present new evidence at each stage of the administrative proceedings. 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir. 2007). If additional evidence is presented for the first time to the Appeals Council, it must consider the evidence if it is "new and material" evidence relating "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b).

---

[9] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

Thus, to warrant consideration by the Appeals Council, the evidence must relate to the period on or before the date of the ALJ's decision. *Id.* In this case, there is no dispute that the evidence at issue is new and material.

"When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers v. Commissioner of Social Security*, 441 Fed.Appx. 735, 745 (11th Cir. Sep. 30, 2011) (unpublished) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). Thus, the Appeals Council must demonstrate or articulate in some manner that it has appropriately evaluated the new evidence. *Id.* "If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'" *Flowers*, 441 Fed.Appx. at 745 (quoting *Epps*, 624 F.2d at 1273).

In this case, the Appeals Council's provided specific and detailed reasons for denying review. R. 2. However, the Appeals Council mischaracterized Dr. Tango's report and opinion. Dr. Tango specifically opined that Claimant can perform other work, but only after first obtaining medical restoration from his physical limitations. R. 326. The Appeals Council stated that Dr. Tango's report "suggested a number of alternative job placements" Claimant can perform. R. 2. In its brief, the Commissioner also states that the "Appeals Council . . . properly determined that Dr. Tango's report revealed [Claimant] can perform other work." Doc. No. 30 at 16 n. 3. The Appeals Council's decision and the Commissioner statement on appeal clearly mischaracterize a crucial opinion in the record regarding Claimant's ability to work.

The Commissioner also argues that the Appeals Council properly decided not to credit

the portion of Dr. Tango's opinion regarding medical restoration.   Doc. No. 30 at 16 n. 3. However, the Appeals Council did not state that it was rejecting that portion of Dr. Tango's opinion.   R. 2.   Instead, the Appeals Council misstated the opinion.   Based on the forgoing, the Court finds that the Appeals Council failed to demonstrate that it adequately evaluated Dr. Tango's opinion.   As in *Flowers*, the Appeals Council here did not demonstrate that it adequately evaluated the new evidence, which requires that the case be remanded to the Commissioner for further proceedings.   *Epps*, 624 F.2d at 1273.[10]   Accordingly, the Court finds that the case should be reversed and remanded to the Commissioner for evaluation of the total record.   *See Flowers*, 441 Fed.Appx. at 745, 747.

## VI.   CONCLUSION.

Based on the forgoing, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g);[11] and

2.   The Clerk to enter judgment in favor of the Claimant and to close the case.

---

[10] The Court is mindful that it "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  Because the Appeals Council failed to demonstrate that it properly evaluated the new and material evidence, the Court will not engage in reweighing the evidence to determine whether good cause exists to reject to Dr. Tango's opinion.  The Court also notes that the ALJ's decision was based primarily on the opinions of a non-examining physician and an examining consultant who offered his opinion <u>before</u> Claimant's alleged on set of disability date.  On remand, the Commissioner should specifically consider Claimant's Ataxia diagnosis and the medical record after January 1, 2009, Claimant's alleged onset of disability date.

[11] Because the Court finds that the final decision of the Commissioner is not supported by substantial evidence, it is unnecessary to address the other issues raised by the Claimant.

**DONE and ORDERED** in Orlando, Florida on September 12, 2012.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Krista L. Rush, Esq.
Krista L. Rush, PA
10 Suntree Place
Melbourne, FL          32940

John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia          30303-8920

The Honorable Denise Pasvantis
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Ste 1550 New River Center
200 E. Las Olas Blvd
Ft Lauderdale, Florida 33301